1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    CYBER EBOT WATTSON,                    Case No.  14-cv-01690-MEJ
            Plaintiff,
8                                           **ORDER RE: PLAINTIFF'S NAME**
            v.
9
10   CONTRA COSTA COUNTY
     SHERIFF.COM, et al.,
11
            Defendants.
12

13          On April 11, 2014, Plaintiff Cyber Ebot Wattson filed the above-captioned case, stating

14   that Plaintiff is a "Cybernet citizen."  Upon review of the Complaint, it is not clear that Cyber

15   Ebot Wattson is Plaintiff's legal name.  Federal Rule of Civil Procedure 10 requires that "the title

16   of [a] complaint must name all the parties."  Fed. R. Civ. P. 10(a).  This rule embodies the notion

17   that "plaintiffs' use of fictitious names runs afoul of the public's common law right of access to

18   judicial proceedings."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir.

19   2000) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598-99 (1978)).  "As a general rule,

20   'the identity of the parties in any action, civil or criminal, should not be concealed except in an

21   unusual case, where there is a need for the cloak of anonymity.'"  *United States v. Stoterau*, 524

22   F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe*, 488 F.3d 1154, 1155 fn. 1 (9th Cir.

23   2007)).

24          The Ninth Circuit has identified three situations in which parties have been allowed to

25   proceed anonymously: "(1) when identification creates a risk of retaliatory physical or mental

26   harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly

27   personal nature; and (3) when the anonymous party is compelled to admit his or her intention to

28   engage in illegal conduct, thereby risking criminal prosecution."  *Dep't of Fair Emp't & Hous. v.*

United States District Court
Northern District of California

*Law Sch. Admission Council, Inc.*, 2012 WL 3583023, at *2 (N.D. Cal. Aug. 20, 2012) (citing *Advanced Textile Corp.*, 214 F.3d at 1068).  A party requesting to remain anonymous must make an affirmative showing that "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Advanced Textile Corp.*, 214 F.3d at 1068.

If Plaintiff's legal name is Cyber Ebot Wattson, Plaintiff must provide documentation establishing as much.  If it is not and Plaintiff wishes to proceed using a fictitious name, Plaintiff must first overcome the presumption that the use of fictitious names conflicts with the public's common law right of access to judicial proceedings.  Accordingly, by April 25, 2014, the Court ORDERS Plaintiff to file either (1) documentation establishing that Cyber Ebot Wattson is Plaintiff's legal name, or (2) a motion to proceed using a pseudonym.

**IT IS SO ORDERED.**

Dated: April 15, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge